# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC J. PAPP, | No. 4:19-CV-00347 |
| Petitioner, | (Judge Brann) |
| v. | |
| SUPERINTENDENT LAWRENCE MAHALLY, *et al.*, | |
| Respondents. | |

## MEMORANDUM OPINION

### APRIL 27, 2020

Petitioner Eric J. Papp, a state prisoner presently confined at the State Correctional Institution at Dallas in Dallas, Pennsylvania, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that the Pennsylvania Board of Parole and Probation violated his substantive due process rights when it most recently refused to grant him reparole.[1]  Respondents filed an answer,[2] and Petitioner has since filed a reply.[3]  For the reasons discussed below, the Court will deny the petition.

---

[1] Doc. 1.
[2] Doc. 13.
[3] Doc. 21.

1

## I. BACKGROUND

Petitioner was sentenced to a total term of imprisonment of seven to fourteen years for his convictions for homicide by vehicle while driving under the influence and accidents involving death or injury.[4] The Pennsylvania Department of Corrections ("DOC") calculated Petitioner's minimum sentence date to be May 17, 2009, and his maximum sentence date to be May 17, 2016.[5] On September 10, 2009, the Pennsylvania Board of Probation and Parole (the "Board") released Petitioner on parole.

Some years later, on March 23, 2015, Petitioner was arrested and charged with driving under the influence while on parole.[6] On July 23, 2015, Petitioner pled guilty to that offense, for which he was sentenced to serve three to six months of incarceration in the Luzerne County Jail.[7] As a result of this conviction, the Board recommitted Petitioner as a convicted parole violator by decision mailed on September 16, 2015.[8] The Board eventually denied Petitioner credit for time at liberty on parole by a decision mailed on April 23, 2018, for the following reasons: (1) New conviction same/similar to original offense; (2) prior history of supervision failures; and (3) unresolved drug and alcohol issues.[9] This decision established

---

[4] Doc. 14 at 2.
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at 2-3.
[9] *Id.* at 3.

Petitioner's maximum sentence date as May 28, 2022.[10] Petitioner alleges in a declaration attached to the petition that he had never previously violated his parole and had never been found by the Board to have violated his parole.[11]

Since Petitioner has been recommitted, he has been denied reparole several times.[12] Petitioner was first denied reparole in 2016, with the Board citing the following reasons for the denial: (1) Prior unsatisfactory parole supervision history; and (2) Lack of remorse for the offenses committed.[13] The following year, in 2017, the Board again denied Petitioner reparole, citing the same factors identified in the 2016 denial, and also adding the following two new factors: (3) Reports, evaluations, and assessments/level of risk indicates his risk to the community; and (4) Failure to demonstrate motivation for success.[14]

Most recently, the Board denied Petitioner reparole on July 11, 2018. In deciding to deny Petitioner reparole in 2018, the Board identified his prior unsatisfactory parole supervision history, which had been previously cited as a reason for the denial of reparole in both 2016 and 2017, together with reports, evaluations, and assessments/level of risk indicates his risk to the community, which

---

[10] *Id.*
[11] *See* Doc. 3 at 9 (brief).
[12] Doc. 14 at 3-4.
[13] *Id.*
[14] *Id.*

had been cited as a reason in 2017.[15] The Board did not cite either lack of remorse or failure to demonstrate motivation for success in its 2018 decision.[16]

Petitioner filed the instant petition on February 28, 2019, in which he alleges the Board's 2018 decision to deny him reparole was arbitrary and capricious, and violates his right to substantive due process, citing *Mickens-Thomas v. Vaughn*,[17] and *Barnes v. Wenerowicz*.[18] According to Petitioner, these cases stand for the proposition that a violation of substantive due process occurs when the Board repeatedly used "newly added factors and information" not previously deemed relevant or significant, thus rendering those new factors "unworthy of consideration."

## II. DISCUSSION

The Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law."[19] "The core concept of due process is protection against arbitrary government action."[20] "The substantive component of the Due Process Clause limits what government may do regardless of the fairness of procedures that it employs."[21] Substantive due process rights are

---

[15] *Id.* at 4.
[16] *Id.*
[17] 355 F.3d 294, 309 (3d Cir. 2004).
[18] 280 F.R.D. 206, 220 (E.D. Pa. 2012)
[19] U.S. Const. amend. XIV.
[20] *Evans v. Sec'y Pa. Dep't of Corrs.*, 645 F.3d 650, 658 (3d Cir. 2011).
[21] *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 399 (3d Cir.2000). *See also Newman v. Beard*, 617 F.3d 775, 782 (3d Cir.2010).

violated by "the exercise of power without any reasonable justification in the service of a legitimate governmental objective."[22]

To assess a substantive due process claim, the Court must "define the exact contours of the underlying right said to have been violated."[23]  At issue here, "once a state institutes a parole system, all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons."[24]

In the context of a parole or reparole denial, the state may not deny parole on unconstitutionally impermissible grounds, such as race, religion, ethnicity, or retaliation for exercising constitutional rights,[25] or based on arbitrary, capricious, pretextual, or vindictive reasons.[26] "When the Parole Board bases its decision on factors that bear no rational relationship to rehabilitation or deterrence, it transgresses the legitimate bounds of its discretion."[27]  In evaluating such a claim, however, the Court cannot "second-guess" the parole board, and "the requirements of substantive due process are met if there is some basis for the challenged decision."[28]

---

[22] *Lewis*, 523 U.S. at 846.
[23] *Leamer v. Fauver*, 288 F.3d 532, 546 (3d Cir. 2002).
[24] *Block*, 631 F.2d at 236.
[25] *Morrissev v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).
[26] *Mickens-Thomas v. Vaughn*, 355 F.3d 294 (3d Cir. 2004); *Hunterson v. DiSabato*, 308 F.3d 236, 24647 (3d Cir. 2002).
[27] *Block*, 631 F.2d at 237.
[28] *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001).  *See Barnes v. Wenerowicz*, 280 F.R.D. 206, 218 (E.D. Pa. Feb. 7, 2012) ("A federal habeas court . . . may grant relief . . . only 'if there is [no] basis for the challenged decision.'" (quoting *Hunterson*, 308 F.3d at 246)).

The United States Court of Appeals for the Third Circuit has stressed that a substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted because the relevant level of arbitrariness required involves not merely action that is unreasonable, but instead, a more egregious, "conscience shocking action."[29]  For example, the Third Circuit found that the parole board's action met that standard and was pretextual and vindictive when the Board denied an application for parole based on "historical information not previously relied upon" in previous parole denials and appeared "designed to achieve a non-parole decision."[30]

The same cannot be said here.  The Board has consistently cited Petitioner's prior unsatisfactory parole supervision history as a reason for the denial of his parole, and the record supports such a conclusion.  Petitioner initially pled guilty to homicide by vehicle while under the influence, and while on parole he was charged with and pled guilty to driving under the influence.  Although Petitioner may have had no other parole violations, this conduct alone is problematic, especially because it is the same sort of conduct that resulted in the deaths of two individuals during Petitioner's first offense.[31]  This element is a valid factor for the Board to consider

---

[29] *Hunterson*, 308 F.3d at 246-47.  *See also Evans*, 645 F.3d at 659.
[30] *See Mickens–Thomas*, 355 F.3d at 307–08.
[31] *See*, *e.g.*, *Cameron v. Kerestes*, No. 1:13-cv-2159, 2014 WL 201078, at *6 (M.D. Pa. Jan. 16, 2014) (finding "some basis" for parole board's decision to deny reparole based on unsatisfactory parole supervision history when petitioner, who was originally convicted of controlled substance offenses, tested positive for cocaine while on parole).

under Pennsylvania's statutory scheme,[32] and there is evidence in the record to support that determination. As such, Petitioner has failed to establish a violation of his substantive due process rights regarding reparole, and his petition will be denied.

## III.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[33] "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[34]

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[35] Here, jurists of reason would not find it debatable whether

---

[32] *See* 61 Pa. C.S. § 6135.
[33] 28 U.S.C. § 2253(c)(2).
[34] *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted), *cited in United States v. Williams*, 536 F. App'x 169, 171 (3d Cir. 2013).
[35] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

this Court is correct in its procedural ruling. No certificate of appealability shall issue.

## IV. CONCLUSION

For the reasons set forth above, this Court finds that the § 2254 habeas petition should be denied with prejudice, and a certificate of appealability should not issue.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge
